UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT (BURLINGTON)

| | |
|---|---|
| In re:<br><br>WILLIAM DYDO, JR.<br><br>Debtor(s). | Chapter 7<br>Case No. 25-10257-HZC |

**MOTION OF U.S. BANK TRUST FOR RELIEF FROM THE AUTOMATIC STAY**

NOW COMES CWS Investments, Inc. ("**CWS**") and respectfully requests, pursuant to Section 362(d) of the Bankruptcy Code, that this Court enter an Order granting CWS relief from the automatic stay for the purpose of enforcing its rights regarding an attachment encumbering real estate in which the above-captioned debtor asserts an interest. In support of this motion, CWS states as follows.

**STATEMENT OF MATERIAL FACTS**

1. William Dydo, Jr. (the "**Debtor**") is an individual asserting an ownership interest in the real property known as and numbered 133 Grove Street, Rutland, Vermont (the "**Property**") by virtue of a deed from Anthony J. Varricchinoe and Mary E. Varricchinone dated November 13, 2001 and recorded with the City of Rutland Land Records on November 16, 2001 in Book 423, Page 3. On information and belief, the Property does not serve as the Debtor's principal residence.

2. According to the Petition, the Debtor currently resides at the Greene Correctional Facility, 165 Plank Road, Coxackie, NY 12051.

3. The moving party, CWS, has a principal place of business located at 5242 Port Royal Rd. # 1785, Springfield, VA 22151.

4. On or about January, 5, 2023, CWS's predecessor-in-interest, Y & R I Opportunity Fund, LLC filed a complaint with the Rutland Superior Court (the "**State Court**") against the Debtor for a deficiency judgment (Docket Number 23-CV-00046) (the "**Deficiency Action**") pursuant to a promissory note, mortgages and a personal guaranty executed by the Debtor, following the foreclosure of properties located at 38 West Street, Fair Haven, Vermont and 100 South Street, Rutland, Vermont.

5. On or about April 11, 2023, the State Court issued a Writ of Attachment in the Deficiency Action, to be secured against the Property. The Writ of Attachment was recorded with the City of Rutland Land Records on April 18, 2023, in Book 730, Page 102. A copy of the writ is attached hereto as **Exhibit A**.

6. On or about February 28, 2023, CWS was substituted as the plaintiff in the Deficiency Action.

7. On or about November 28, 2023, the State Court entered judgment against the Debtor in the amount of $375,262.55 plus interest accruing at the statutory rate of 12% for a per diem amount of $69.19 beginning on September 15, 2023 (the "**Judgment**").

8. A certified copy of the Judgment was recorded with the City of Rutland Land Records on February 8, 2024 in Book 736, Page 693. A True and Accurate copy of the Judgment is attached hereto as **Exhibit B**.

9. On May 1, 2024, CSW filed a foreclosure complaint in the State Court bearing docket number 24-CV-01714 (the "**Foreclosure Action**") in relation to the Property.

10. On November 4, 2024, the State Court issued an Amended Judgment and Decree of Foreclosure Order.

11. On June 17, 2025, a foreclosure sale of the Property was conducted, and the winning bidder was CWS.

12. There was a dispute regarding a motion to confirm the foreclosure sale in the State Court, but after a hearing and briefing on the matter, on November 21, 2025, the State Court issued an Order confirming the sale.

**GROUNDS FOR RELIEF FROM THE AUTOMATIC STAY VLBR 4001-1**

13. CWS seeks relief for cause pursuant to 11 U.S.C. §362(d)(1) – specifically, the Debtor's failure to redeem the Property per the State Court's Foreclosure Judgment.

14. The Debtor currently owes CWS approximately $431,333.28 consisting of judgment amount of $406,228.5, plus $22,850.45 additional interest, $750 in acutineer fees, $350 in agent fees and $1,144.32 in public ation costs.

15. Upon information and belief, there is a mortgage held by Joseph Deferrari, Tom and Terri Calman, George Broemmer and Joseph A. and Margaret Rocco dated July 26, 2007 in the amount of $100,000.00.

16. Therefore, the estimated total secured debt charged against the Property is at least $531,333.28.

17. Pursuant to the Debtors' Schedule A, which U.S. Bank Trust accepts only for the purposes of this Motion, the fair market value of the Property is approximately $400,000.00.

18. CWS, upon information and belief, believes that the Property is worth less than that listed on Debtor's Schedule A, as Zillow.com lists the Property as having a value of $156,000.00. The tax assessment of the Property in 2025 was $149,600.00

19. CWS is without knowledge or information regarding whether or not the Debtor has recorded a declaration of homestead on the Property with the Registry.

20. The Property, upon information and belief, is vacant and boarded up securely. The Property lacks a certificate of occupancies for tenant habitation and is not currently habitable.

**History**

21. On November 21, 2025, the Debtor filed a Chapter 7 petition, commencing the above-captioned case (the "**Petition Date**").

22. According to the Debtor's Statement of Intention, the Debtor indicates the intention is to retain the Property and enter into a Reaffirmation Agreement. However, due to the fact a foreclosure of the Property was already held, it is unrealistic that the Debtor will retain the Property and reaffirm the debt.

21. As of the Petition Date, the automatic stay provisions of 11 U.S.C. §362 became effective, thereby preventing CWS from exercising its rights as a mortgagee of the Property as is set forth under certain applicable state and federal laws including,

without limitation, its right to commence foreclosure proceedings. By the motion brought herein, CWS seeks relief from the automatic stay pursuant to 11 U.S.C. §362.

23. Counsel for CWS did contact Debtors' counsel pursuant to LBR 9013-1(b) regarding the filing of this motion. Unfortunately, the Parties have not come to a resolution.

**Good Cause Exists to Grant CWS Relief from the Automatic Stay**

24. Pursuant to the terms of the Judgment awarded to CWS, via the State Court, the Debtor was to redeem the Property by May 5, 2025.

25. Debtor failed to redeem the Property, and the foreclosure sale proceeded as described above.

26. Movant lacks adequate protection of its interest in the Property due to the Debtor's failure to cure the Judgment and lack of equity in the Property.

27. In light of the foregoing, there exists sufficient cause to grant CWS (or its successors in interest) relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and (2) with respect to the Property.

WHEREFORE, CWS respectfully requests that the Court grant CWS (or its successors in interest) relief from the automatic stay so that CWS may enforce its right under the Note, Mortgage and applicable law including, but not limited to, foreclosure of CWS's Mortgage on the Property and summary process proceedings or, in the alternative, grant CWS other relief as this Court deems just under the circumstances.

Respectfully submitted,
CWS Investments, Inc.,

By its attorneys,
Demerle & Associates, PC

*/s/ Michael E. Swain*

Michael E. Swain, Esq. (VT#7514)
Demerle & Associates, P.C.
10 City Square
Boston, MA 02129
(617) 337-4444
bankruptcy@DemerlePC.com

DATE: December 18, 2025