**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| IN RE: In Re: William Dydo, Jr. | Case No. 25-10257<br>Chapter 7 |

**DEBTOR'S RESPONSE IN OPPOSITION TO MOTION OF CWS INVESTMENTS, INC. FOR RELIEF FROM THE AUTOMATIC STAY**

Debtor, William Dydo, Jr. ("Debtor"), by and through undersigned counsel, respectfully submits this Response in Opposition to the Motion of CWS Investments, Inc. ("CWS") for Relief from the Automatic Stay (the "Motion"), and states as follows:

## I. INTRODUCTION

CWS seeks relief from the automatic stay under 11 U.S.C. § 362(d), alleging lack of adequate protection, lack of equity, and failure to redeem the property at 133 Grove Street, Rutland, Vermont (the "Property"). For the reasons set forth below, the Motion should be denied.

## II. LEGAL STANDARDS

Relief from the automatic stay in Chapter 7 is governed by 11 U.S.C. § 362(d). The movant bears the burden of proof on the issue of the debtor's equity in the property, while the party opposing relief bears the burden on all other issues, including adequate protection and other defenses. The stay may be lifted only if the movant establishes (1) "cause," including lack of adequate protection, or (2) that the debtor has

no equity in the property and the property is not necessary for an effective reorganization. In Chapter 7, the "necessary for effective reorganization" prong is generally inapplicable.

## III. ARGUMENT

A. CWS Lacks Standing to Seek Relief

The party seeking relief from stay must establish standing as a "party in interest." 11 U.S.C. § 362(d). While the Code does not define the term, it is interpreted to include any entity with a direct financial stake in the property or the outcome of the motion, such as secured creditors, the debtor, and the trustee. The movant must demonstrate its status as a party in interest as part of its prima facie case for relief (*In re Elmira Litho, Inc.*, 174 B.R. 892 (Bankr. S.D.N.Y. 1994)).

CWS' Motion asserts that CWS is the real party in interest by virtue of being substituted as Plaintiff in the state court action and as the winning bidder at the foreclosure sale. However, the Motion does not attach the relevant assignment documents, the foreclosure deed, or evidence of a perfected interest in the Property. Absent such evidence, CWS has not met its burden to establish standing to seek relief from the stay.

B. The Valuation of the Property Is Disputed

11 U.S.C. § 362(g) allocates the burden of proof in stay relief proceedings. The party seeking relief bears the burden of proof on the issue of the debtor's equity in the property, while the party opposing relief bears the burden on all other issues, including adequate protection. *Id.* The movant must first establish a prima facie case for relief,

including its standing and the factual basis for relief.

CWS's Motion relies on conflicting and unsupported valuations: the Debtor's Schedule A value of $400,000, a Zillow.com estimate of $156,000, and a 2025 tax assessment of $149,600. The Debtor disputes the lower valuations and asserts that the Property's fair market value is at least $400,000, as scheduled. The Court must resolve this factual dispute before determining whether there is equity in the Property. The existence of a bona fide dispute over value precludes summary relief from the stay.

C. CWS Is Adequately Protected

Adequate protection is required to safeguard the interests of secured creditors during the pendency of the automatic stay. 11 U.S.C. § 362 (d)(1) provides that lack of adequate protection is "cause" for granting relief from the stay. 11 U.S.C. § 361 specifies that adequate protection may be provided by cash payments, additional or replacement liens, or other relief that ensures the creditor receives the indubitable equivalent of its interest.

Adequate protection may be provided by an equity cushion. Even accepting CWS's figures, the total secured debt is alleged to be $531,333.28, but this includes a $100,000 mortgage held by other parties, the validity and priority of which are not established. If the Property is valued at $400,000, and the CWS claim is $431,333.28, the difference is not so great as to eliminate all equity, especially if the other mortgage is junior or otherwise contestable. Moreover, CWS's interest is protected by the existing liens and the condition of the Property, which is securely boarded and not subject to waste.

E. Homestead Exemption May Apply

CWS claims ignorance as to whether a homestead declaration has been recorded. The Debtor asserts that the Property is his homestead and intends to claim the Vermont homestead exemption, which may protect a significant portion of the Property's value from creditors. The existence and amount of the exemption must be determined before any relief from stay is granted.

F. Procedural Defects

CWS's Motion fails to attach critical documents, including the foreclosure deed, assignment chain, and evidence of the current status of title. The Motion also does not provide proof of service on all required parties or compliance with local rules regarding pre-filing conferences. These procedural defects warrant denial or continuance of the Motion.

## IV. CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court deny the Motion for Relief from the Automatic Stay, or, in the alternative, continue the hearing to allow for discovery and an evidentiary hearing on the disputed issues of standing, valuation, adequate protection, redemption rights, and exemption claims.

Respectfully submitted,

__/s/Kevin Gustafson____________
Kevin Gustafson, Esq.
Metta Legal Solutions, PLLC
P.O. Box 118
Rutland, VT 05702

(802) 772-0025
kevin@mettalegalsolutions.com
*Attorney for Debtor*

**CERTIFICATE OF SERVICE**

I certify that on December 23, 2025 I sent a copy of this filing either via the Court's electronic filing and service system, e-mail, or served by first class mail, postage prepaid, on the following persons:

Chapter 7 Trustee

___/s/Kevin Gustafson__________
Kevin Gustafson, Esq.
*Attorney for Debtor*