**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| In re:<br><br>**WILLIAM DYDO, JR.,**<br><br>*Debtor.* | Chapter 7<br><br>Case No. 25-10257<br><br>Hon. Heather Z. Cooper |

# MOTION TO WITHDRAW AS COUNSEL FOR DEBTOR

**NOW COMES** Kevin C. Gustafson, Esq., of Metta Legal Solutions, PLLC, counsel of record for Debtor William Dydo, Jr., and respectfully moves this Court, pursuant to Rule 2091-1(a) of the Local Rules of the United States Bankruptcy Court for the District of Vermont, for entry of an order permitting his withdrawal as counsel for the Debtor. In support of this Motion, undersigned counsel states as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. Undersigned counsel filed the Debtor's voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on November 21, 2025, and has served as counsel of record for the Debtor since the commencement of this case.
2. On or about April 30, 2026, undersigned counsel was nominated for appointment as City Attorney for the City of Rutland, Vermont. The nomination is pending confirmation by the Rutland Board of Aldermen.
3. The Debtor's bankruptcy case involves real property located within the City of Rutland, Vermont. A judgment lien held by CWS Investments was the subject of a

foreclosure proceeding, and the Court entered an order granting CWS Investments' motion for relief from the automatic stay on January 30, 2026.

4. The Debtor has communicated to undersigned counsel his intention to challenge various municipal proceedings, including tax sale practices and lien recording practices of the City of Rutland, that the Debtor contends affected his real property and contributed to the loss of his home.

5. The Debtor has communicated his intention to retain successor counsel and has informed undersigned counsel that he is presently interviewing prospective replacement counsel.

6. Contemporaneously with the filing of this Motion, undersigned counsel has filed a Motion to Enlarge Time to File Official Form 423 in order to preserve the Debtor's opportunity to obtain entry of discharge.

## II. GROUNDS FOR WITHDRAWAL

Undersigned counsel's pending appointment as City Attorney for the City of Rutland creates a positional conflict of interest that materially limits counsel's ability to continue representation of the Debtor in this case under the Vermont Rules of Professional Conduct.

Vermont Rule of Professional Conduct 1.7(a)(2) provides that a concurrent conflict of interest exists if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer. The Debtor's stated intention to

challenge municipal practices of the City of Rutland presents a direct positional conflict with undersigned counsel's prospective representation of that municipality. Vermont Rule of Professional Conduct 1.9 imposes additional duties to former clients that further constrain continued representation.

Where continued representation will result in violation of the Rules of Professional Conduct, withdrawal is required. *See* Vt. R. Prof. Conduct 1.16(a)(1). Withdrawal is also permitted where other good cause for withdrawal exists. *See* Vt. R. Prof. Conduct 1.16(b)(7).

## III. PROTECTION OF DEBTOR'S INTERESTS

Vermont Rule of Professional Conduct 1.16(d) requires a withdrawing lawyer to take steps to the extent reasonably practicable to protect the client's interests, including giving reasonable notice to the client, allowing time for employment of other counsel, and surrendering papers and property to which the client is entitled.

Undersigned counsel has taken the following steps to protect the Debtor's interests in connection with this withdrawal:

First, undersigned counsel has filed contemporaneously herewith a Motion to Enlarge Time to File Official Form 423, seeking sixty (60) days of additional time within which the Debtor may complete the personal financial management course and file the required certification, in order to preserve the Debtor's eligibility for entry of discharge.

Second, undersigned counsel has informed the Debtor in writing of the consequences of failing to complete the post-petition personal financial management

course and file Official Form 423, and of the significance of the requirement to entry of discharge.

Third, undersigned counsel has offered to transfer the Debtor's complete file to successor counsel upon retention. Counsel has previously transmitted to the Debtor copies of pertinent docket materials in this case.

Fourth, undersigned counsel has not received any unearned retainer or fee that would require refund. The fee arrangement governing the bankruptcy representation has been disclosed pursuant to Federal Rule of Bankruptcy Procedure 2016(b).

## IV. PROCEDURAL MATTERS

Local Rule 2091-1(a) provides that an attorney who has appeared as attorney of record for a debtor may withdraw only upon order of the Court, and that no order of withdrawal will issue without a hearing unless the Court, in its discretion, waives the hearing upon receipt of a written stipulation for attorney withdrawal signed by both the attorney and the debtor. *Bankr. D. Vt. R. 2091-1(a)*.

No stipulation for withdrawal has been executed between undersigned counsel and the Debtor. Undersigned counsel accordingly anticipates that the Court will set this Motion for hearing which may then be cancelled upon Notice of Appearance of successor counsel.

Undersigned counsel respectfully requests that, in the event the Court grants this Motion, the order of withdrawal be served on all parties in the case in the manner prescribed by Local Rule 2091-1(c).

## V. PRAYER FOR RELIEF

**WHEREFORE**, undersigned counsel respectfully requests that this Court enter an order:

(a) granting this Motion to Withdraw as Counsel;

(b) permitting the withdrawal of Kevin C. Gustafson, Esq., and Metta Legal Solutions, PLLC, as counsel of record for the Debtor;

(c) directing service of the order on all parties in the case as required by Local Rule 2091-1(c); and

(d) granting such other and further relief as this Court deems just and proper.

Respectfully submitted on May 4, 2026.

/s/ Kevin C. Gustafson, Esq.
Kevin C. Gustafson, Esq.
Metta Legal Solutions, PLLC
P.O. Box 118
Rutland, VT 05702
Telephone: (802) 772-0025
kevin@mettalegalsolutions.com
*Counsel of Record for Debtor*